**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

|  |  |
|---|---|
| JOHN DOE,<br><br>   Plaintiff,<br><br>v.<br><br>THE ENTITIES, PARTNERSHIPS, AND<br>UNINCORPORATED ASSOCIATIONS<br>LISTED ON SCHEDULE A,<br><br>   Defendants. | )<br>)<br>)  Case No.:<br>)<br>)<br>)  Judge:<br>)<br>)  Magistrate Judge:<br>)<br>)<br>)<br>)  **JURY DEMAND** |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

### I.  INTRODUCTION

1. Plaintiff John Doe is a limited liability company that manufactures and sells pet enrichment products that have recently garnered widespread success.[1]

2. Defendants—an array of entities, partnerships, and unincorporated associations—operate online storefronts infringing Plaintiff's copyrighted promotional images, damaging Plaintiff's reputation, and diverting legitimate sales.

3. To combat Defendants' ongoing misconduct, Plaintiff brings this action seeking injunctive relief, damages, and an immediate end to Defendants' profiting from the infringing images.

---

[1] Plaintiff files the instant Complaint under a pseudonym and with minimal identifying details concerning its product. Plaintiff will move for leave to file an Amended Complaint under seal and for an *ex parte* Temporary Restraining Order once the Court assigns a Judge, thereby preserving Plaintiff's ability to recover damages it is owed by preventing Defendants from, on receiving notice of the suit, absconding with assets they gained by violating Plaintiff's rights.

1

## II. NATURE OF THE CASE

4. Plaintiff is the owner of valuable intellectual property associated with its pet enrichment products, including federally registered copyrights.

5. Plaintiff diligently developed, promoted, and sold its pet enrichment products, expanding its market presence through online channels.

6. With increased visibility and commercial success, Plaintiff discovered that Defendants were advertising and selling unauthorized versions of Plaintiff's pet enrichment products, bearing unauthorized reproductions of Plaintiff's copyrighted materials.

7. Defendants' conduct has eroded Plaintiff's goodwill, has deprived Plaintiff of the exclusive right to control its copyrighted works, and has inflicted upon Plaintiff significant financial harm.

8. Plaintiff seeks injunctive relief, damages, and other remedies to halt the ongoing infringement, recover lost revenues, and protect unsuspecting consumers from the purchase of infringing or knockoff goods through listings that impermissibly and deceptively use Plaintiff's copyrights.

## III. THE PARTIES

9. Plaintiff John Doe is a limited liability company engaged in the design, manufacture, and sale of pet enrichment products, currently withholding its actual name and identifiers to prevent Defendants from transferring assets or evading enforcement before Plaintiff's forthcoming ex parte motion is heard.

10. Defendants are the entities, partnerships, and unincorporated associations identified in Schedule A, which is being filed under seal once the Court grants the Motion for Leave to File Under Seal. Defendants are engaged in manufacturing, advertising, distributing, and/or selling counterfeit products bearing copyrighted materials belonging to Plaintiff.

2

## IV.    JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367.

12.    This Court has personal jurisdiction over Defendants because they conduct business in this District and/or intentionally direct infringing conduct toward consumers in this District, including sales of infringing goods shipped into the District.

13.    Venue is proper in this District under 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in, or were directed to, the Middle District of Tennessee.

14.    In addition, Defendants specifically target consumers within this District by offering to sell and ship infringing products into this forum. Many Defendants have made at least one sale of a counterfeit good, via a product listing featuring the infringing images, into this forum.

## V.    FACTUAL BACKGROUND

15.    Plaintiff created and developed pet enrichment products for cats and cat owners.

16.    Plaintiff began selling its pet enrichment products in 2024.

17.    Plaintiff owns U.S. copyright registrations for multiple copyrighted works that it has used in promoting the product.

18.    Consumer interest for Plaintiff's product steadily increased over time.

19.    Plaintiff has received positive reviews on its online storefronts.

20.    As demand surged and sales continued to increase, Plaintiff learned of online sellers offering identical or near-identical knockoff versions of its product and using infringing promotional images.

21. Plaintiff discovered these unauthorized sellers on various e-commerce platforms and marketplaces.

22. Many unauthorized listings display images that closely mimic or directly copy Plaintiff's copyrighted promotional materials.

23. Following the emergence of these counterfeit and infringing listings, a marked decrease in sales of Plaintiff's own product occurred.

24. Plaintiff's investigation revealed that multiple entities, often based overseas, set up impromptu online storefronts to sell these infringing goods using Plaintiff's copyrighted works.

25. To date, investigators for Plaintiff have identified numerous stores infringing its intellectual property rights in conjunction with the sale of products.

26. The influx of infringing listings and counterfeit goods has damaged Plaintiff's goodwill and undermined the genuine product's reputation for quality.

**COUNT I**
**(Copyright Infringement – 17 U.S.C. § 501)**

27. Plaintiff repeats and re-alleges each and every allegation set forth in each of the foregoing paragraphs of this Complaint as though fully set forth herein.

28. Plaintiff owns valid copyrights in the product's promotional images and other original content (the "Copyrighted Works"), which have been registered by the U.S. Copyright Office.

29. Defendants have reproduced, distributed, made derivative works of, and otherwise used Plaintiff's Copyrighted Works without authorization in online listings and advertisements.

4

30. Defendants' unauthorized use of the Copyrighted Works has violated the exclusive rights granted to Plaintiff under 17 U.S.C. § 106 and constitutes infringement under 17 U.S.C. § 501.

31. Defendants' conduct has caused damages and other harm to Plaintiff, which entitles Plaintiff to injunctive relief, actual damages, statutory damages, and other remedies.

## COUNT II
### (Unfair Competition – Tennessee Common Law)

32. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

33. By using infringing images of Plaintiff's product, Defendants have engaged in unfair competition under Tennessee common law.

34. By marketing and selling counterfeit and/or knockoff versions of Plaintiff's product, Defendants have engaged in unfair competition under Tennessee common law.

35. Defendants' actions mislead consumers into believing the infringing images and counterfeit goods originate from, or are associated with, Plaintiff, causing confusion and harm to Plaintiff's business reputation.

36. Defendants' actions were and are willful, intentional, and/or undertaken with reckless disregard for Plaintiff's rights.

37. As a direct result of Defendants' unfair competition, Plaintiff has suffered and continues to suffer irreparable injury and monetary damages.

## PRAYER FOR RELIEF

5

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor against all Defendants, and awarding relief including, but not limited to:

A. **Preliminary and Permanent Injunctions** enjoining Defendants from manufacturing, importing, advertising, or selling products using online listings bearing Plaintiff's copyrights;

B. **An *ex parte* Temporary Restraining Order** to freeze Defendants' financial accounts and restrain further transfer of assets;

C. **An Order** requiring Defendants to disable and/or remove the infringing, counterfeit, and knockoff product listings from the stores identified in Schedule A and any other listings that infringe Plaintiff's intellectual property;

D. **Statutory, Compensatory, and Treble Damages** arising out of Defendants' infringement and unfair competition, including, where applicable, costs, attorneys' fees, and interest where authorized by law;

E. **Equitable Monetary Relief** including an accounting of profits under the Copyright Act and disgorgement of Defendants' unlawful gains; and

F. **Any other and further relief** that the Court deems just, proper, and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: April 24, 2026

Respectfully submitted,

*/s/ G. Edward Powell III*

Chanelle R. Acheson (TN BPR #30008)
W. David Bridgers (TN BPR #16603)
G. Edward Powell III (CA Bar #324530)
**Waddey Acheson LLC**
1030 16th Ave S, Suite 300
Nashville, TN 37212
615-839-1100
ed@waddeyacheson.com
Counsel for Plaintiff John Doe

7