IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 3:26-cv-00530 |
| | ) | |
| THE ENTITIES, PARTNERSHIPS, AND | ) | JUDGE RICHARDSON |
| UNINCORPORATED ASSOCIATIONS | ) | |
| LISTED ON SCHEDULE A, | ) | |
| | ) | |
| Defendants. | ) | |

## **TEMPORARY RESTRAINING ORDER**

As discussed in the accompanying Memorandum of Law, the Motion's (Doc. No. 12, "Motion") request for a temporary restraining order has been granted, and the extent of such grant is reflected in this temporary restraining order.

As required by Fed. R. Civ. P. 65(b)(2), the Court finds that Plaintiff has established the notice requirements for ex parte issuance of a temporary restraining order. The Court further finds ex parte issuance appropriate under the present circumstances given the indication of the likelihood of irreparable harm ongoing day by day.

It is therefore **ORDERED**, pursuant to Rule 65 of the Federal Rules of Civil Procedure, that Defendants and their agents, servants, employees, and attorneys, and other persons acting in concert or participation with Defendants who receive actual notice of such temporary restraining order by personal service or otherwise, are hereby immediately enjoined from:

1. Using any of Plaintiff's copyrighted works or derivatives thereof, in connection with the distribution, advertising, offer for sale, or sale of merchandise not the genuine products of Plaintiff;

2. Removing, destroying, or otherwise concealing computer files, e-mail correspondence, or other records related to Defendants' infringing activities;

3. Transferring, encumbering, spending, or otherwise disposing of any funds connected to Defendants' sales that utilized Plaintiff's copyrighted works or derivatives thereof.

It is further **ORDERED**, pursuant to Rule 65 of the Federal Rules of Civil Procedure, that Defendants and their agents, servants, employees, and attorneys who receive actual notice of such temporary restraining order by personal service or otherwise, are hereby ordered to immediately:

1. Disable and remove any listings or advertisements by Defendants that use Plaintiff's copyrighted works or derivative works, or any counterfeit versions thereof.

Plaintiff is **DIRECTED** to post a security bond of twenty-five thousand dollars ($25,000) with the Court's registry within three days of the date and time of entry of this order. Should Plaintiff fail to do so, this temporary restraining order shall expire at that time.

In accordance with Rule 65(b)(4), "[o]n 2 days' notice to the party who obtained the order without notice . . . the adverse party may appear and move to dissolve or modify the order."

A hearing on Plaintiff's pending request for a preliminary injunction is hereby scheduled for May 8, 2026, at 9:00 a.m. Between now and then, the Court may issue an order specifying additional requirements and expectations with respect to such hearing.

The temporary restraining order set forth herein is effective as of the approximate time of its issuance, 12:01 p.m. on May 2, 2026, to expire no later than 12:01 p.m. on May 15, 2026.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE